PER CURIAM.
The above two cases were consolidated for trial without a jury and have been consolidated on appeal.
The appellant in each case appealed from a judgment entered on orders granting the appellee’s oral motion for a directed verdict.
The appellee sued appellants in each case upon fire insurance policies covering certain buildings, which were destroyed by fire on October 22, 1963. By pretrial order the lower court stated it was agreed that the appellants would open the trial by presenting evidence on their affirmative defenses; such defenses being arson, violation of the occupancy clause, violation of the clause against increased hazards, and false swearing.
After the appellants had presented evidence and proof of each of their defenses, the appellee-plaintiff moved for. a directed verdict and the lower court granted his motion.
The usual plaintiff-defendant situation .is reversed in these cases so far as the burden of proof is concerned. The pretrial order entered agreed that the plaintiff had only to produce the evidence of a valid policy in effect at the time of loss; that the premiums had been paid thereon; that a fire occurred and loss was sustained. After this was done it was then the defendant’s burden to prove its affirmative defenses.
*760 At the conclusion of the defendant’s testimony on the various defenses, the court entered the following order in each case:
“THIS CAUSE, Coming on for final hearing upon due notice to all parties, and the parties being present and represented by Counsel, and the Defendant having presented its exhibits and the testimony of its witnesses, and it having been established by the Pre-Trial Compliance Statements and the Pre-Trial Order hereinbefore entered and made a part of this Order that the burden on trial immediately shifted to the Defendant to prove its affirmative defenses, and, at the conclusion of the Defendant’s case, the Court having heard argument by the Plaintiff on the latter’s Motion for a Directed Verdict, and the Court hearing arguments of both Counsels on said Motion and being otherwise fully advised in the premises, whereupon, it is
“ORDERED AND ADJUDGED that the Plaintiff’s Motion for a Directed Verdict be, and the same is, hereby granted.”
The court followed the above orders by entering a final judgment in each case in favor of the plaintiff-appellee.
It is argued by the appellants that they made out prima facie defenses in each case and that the appellee should, in effect, be required to rebut their testimony as the court could not weigh the evidence on the motion for a directed verdict.
The defendants called the plaintiff as a witness in these cases and as we view the testimony, the court, while sitting without a jury, could weigh all the evidence to determine whether or not the defendants had sustained the burden of proof on the various defenses presented.
The trial judge sat as an arbiter of facts and ruled against the defendants and in favor of the plaintiff. We conclude, on the record presented, that no reversible error was made. We, therefore, affirm the lower court.
Affirmed.
ALLEN, Acting C. J., and PIERCE and HOBSON, JJ., concur.